**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE NO.   1:19-CR-367 |
| | : | |
| **SEAN MICHAEL MCLAUGHLIN** | : | |
| | : | |
| Accused. | : | |

**OBJECTION TO AND MOTION TO STRIKE
GOVERNMENT'S TRIAL BRIEF**

COMES NOW the Accused, Sean McLaughlin, by counsel, and moves the Court to strike the Government's 43-page trial brief, for the following reasons:

Mr. McLaughlin stands charged with possession and receipt of child pornography. His case is scheduled for a bench trial on August 20, 2020. The Government has given notice it will present two witnesses at trial, specifically the case agent and a computer forensic expert. The pretrial order entered by this Court on July 1, 2020 does not demand or request a trial brief. It is estimated the trial will take about three to four hours in total. Yet, just two days before trial, the Government filed a 43-page "Trial Brief" that goes far beyond outlining its case for the Court to highlight specific issues to be addressed at trial. Rather, this brief essentially provides the Government's case in excruciating detail in written form and with closing argument style discussions of the burden of proof and the sufficiency of the evidence.

While it may in certain instances be appropriate for either party to provide a pretrial brief to the Court outlining specific or controversial issues expected to be raised at trial, it is improper and prejudicial for the Government to present its entire case in writing to the Court, without opportunity for contemporaneous objection by the defense on any of the points raised. Additionally, the Government filed its brief and then without consulting with defense counsel,

1

requested to go well beyond the 30-page limit and ask for leave to do so only after having filed the brief. While the Court has already granted that Motion counsel for the Accused did not have the opportunity to file an objection to the page extension request in light of the nature and timing of the pleading.

Further, to do so just two days prior to trial so that there is no realistic opportunity for the Accused to respond substantively prior to trial with such a comprehensive brief is prejudicial and should not be countenanced. The proper procedure would have been to discuss the nature and timing of the filing of so-called Trial Briefs with opposing counsel. Of course, the Government did not undertake such a process with counsel so as to file an order to get this written leg-up in advance of trial.

The clear goal of this filing was to sway the Court with the strength of the Government's case before a single witness is called. Accordingly, the Government's 43-page Trial Brief is objected to, should be stricken and not considered by the Court, and the facts and law in contest in this matter should be appropriately addressed to the Court during the August 20, 2020 trial.

Respectfully Submitted,
Sean McLaughlin,
By Counsel

GREENSPUN SHAPIRO PC

BY:_____/s/_____
Peter D. Greenspun
Virginia Bar No. 18052
pdg@greenspunlaw.com
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 352-0100
(703) 591-7268

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

Carina Cuellar, Esq.
Gwendelynn Bills, Esq.
United States Attorney's Office,
Alexandria Division
2100 Jamieson Avenue
Alexandria, Virginia 22314

/s/
Peter D. Greenspun
